IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOE A. COOK | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-540 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff, Joe. A. Cook, an inmate currently confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, originally brought this civil rights action pursuant to 42 U.S.C. § 1983 against Director Brad Livingston, OIG Director John Moriarty, and Major of Security Aaron Tompkins.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

In his original complaint, plaintiff complains that defendants acted with deliberate indifference to his safety by failing to protect him concerning an assault that occurred in October of 2011 at the Stiles Unit in Beaumont, Texas. In March of 2012, plaintiff was transferred to the Polunsky Unit in Livingston, Texas. Plaintiff subsequently filed pleadings in the above-referenced action complaining of denial of access to court and failure to protect in an incident occurring on February 21, 2012, at the Polunsky Unit. Based on a liberal construction of plaintiff's pleadings, it would appear plaintiff is now alleging three separate violations, two of which occurred at the Polunsky Unit and involved defendants R. McKee and Warden Michael Butchen. *See* docket entry nos. 16-18, 20, 26-27, 29, 32, 34, 35.

Venue in a civil rights action pursuant to 42 U.S.C. § 1983 is determined by 28 U.S.C. § 1391(b). *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F..2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred.

Plaintiff does not allege the specific residence of any of the defendants. However, it is clear from the face of the pleadings that plaintiff's claims against defendants R. McKee and Warden Michael Butchen concern a separate event and/or omission that occurred at the Polunsky Unit in Livingston, Texas, where the defendants are employed. As such, venue as to defendant R. McKee and Warden Michael Butchen is not proper and this court may exercise jurisdiction only over those defendants identified as having been employed at the Mark Stiles Unit in Beaumont, Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims against defendants R. McKee and Warden Michael Butchen should be transferred to the Lufkin Division of the Eastern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 11th day of July, 2012.

_____
Zack Hawthorn
United States Magistrate Judge