| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| JOE A. COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:11-CV-540 |
| | § | |
| DIRECTOR, TDCJ-CID, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joe A. Cook, a prisoner formerly confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Brad Livingston, Director of TDCJ, John Moriarty, OIG Director, and Aaron Tompkins, Major of Security at the Stiles Unit.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g) be granted and plaintiff's pauper status be revoked.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections are without merit. Although plaintiff continues to argue he is in imminent danger in order to overcome the 28 U.S.C. § 1915(g) bar, he references ongoing incidences at the Polunsky Unit. The appropriate standard is that the harm must be "real and proximate" and be imminent or occurring at the time that the complaint or notice of appeal is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (5th Cir. 2003); *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Plaintiff was housed at the Stiles Unit when this complaint was filed and was later transferred to the Polunsky Unit. The Magistrate Judge entered an order severing out plaintiff's claims against officials at the Polunsky Unit and a case was opened in the Lufkin Division. *See* Civil Action No. 9:12cv115. That case was ultimately closed for want of prosecution. The Magistrate Judge further admonished plaintiff in an order entered July 12, 2013, this Court cannot exercise jurisdiction over any potential defendants at the Polunsky Unit as venue as to these potential defendants is improper. Plaintiff may file a new civil rights claim on the appropriate form and file a complaint in the Eastern District of Texas, Lufkin Division, if he so chooses. As to his complaints at the Stiles Unit, plaintiff has failed to demonstrate he was in imminent danger of serious physical injury at the time he filed his complaint as required by 28 U.S.C. § 1915(g).

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** Plaintiff has yet to pay the full filing fee in order to proceed with this action. As

a result, a final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

**Aug 21, 2013**